IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LCCS GROUP, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 1:16-cv-05827 |
| ) | |
| A.N. WEBBER LOGISTICS, INC., et al., ) | PLAINTIFF'S SECOND STATUS |
| ) | REPORT |
| Defendants. ) | |

**PLAINTIFF'S SECOND STATUS REPORT**

**INTRODUCTION**

Plaintiff, through the undersigned counsel, submits this Second Status Report updating the Court on activities in this case since Plaintiff filed its Initial Status Report on July 13, 2016 (Dkt. No. 11).

Plaintiff filed its Complaint in this case on June 3, 2016 against forty-nine defendants (Dkt. No. 1). Plaintiff's counsel issued Notices of Lawsuit/Requests for Waiver of Service under Fed. R. Civ. P. 4(d) to nearly all defendants on June 17, 2016. According to the issued Notices of Lawsuit/Request for Waivers of Service and Rule 4(d), recipient defendants had until July 18, 2016 to return executed Waivers of Service to Plaintiff's counsel. Under Rule 4(d), those defendants that waived service had until August 16, 2016, which is sixty (60) days from June 17, 2016, to file responsive pleadings to Plaintiff's Complaint.

On June 6, 2016, this Court issued an Order setting an initial status hearing for July 18, 2016 at 8:30 a.m. and further requiring the parties to confer and file a joint status report by July 13, 2016 (Dkt. No. 4). Because of the timing of Plaintiff's issuance of Rule 4(d) Notices of

Lawsuit/Requests for Waiver of Service and the August 16, 2016 deadline for responsive pleadings from defendants that waive service, Plaintiff had only received a few executed waivers of service as of the date of Plaintiff's Initial Status Report (July 13, 2016) and only one defense attorney had entered an appearance as of that date (Dkt. No. 5). After Plaintiff filed its Initial Status Report on July 13, 2016 (Dkt. No. 11), the Court struck the previously set July 18, 2016 initial status hearing and reset it to August 22, 2016 at 1:00 PM and further ordered that the parties submit a Joint Status Report by August 18, 2016 (Dkt. No. 12).

As of the date of this Second Status Report, the following twenty defendants have waived service and their executed waivers of service have been filed with the Court:

    A.N. Webber Logistics, Inc. (Dkt. No. 19);
    Ace Drill Corporation (Dkt. No. 34);
    Barker Manufacturing Co. (Dkt. No. 36);
    Barton Solvents, Inc. (Dkt. No. 18);
    Cargill, Inc. (Dkt. No. 23);
    CBS Corporation (Dkt. No. 24);
    Elmhurst Memorial Hospital (Dkt. No. 15);
    Enthone, Inc. (Dkt. No. 25);
    Federal Signal Corp. (Dkt. No. 16);
    The Gillette Company (Dkt. No. 7);
    Hammond Suzuki USA, Inc. (Dkt. No. 17);
    Interplastic Corp. (Dkt. No. 8);
    Jewell Instruments, LLC d/b/a Triplett Test Equipment & Tools (Dkt. No. 20);
    Johnston & Chapman, Inc. (Dkt. No. 21);
    Lenz Oil Service Peoria, Inc. (Dkt. No. 9);
    Plastomer Corp. (Dkt. No. 41);
    Riverside Mfg., LLC (Dkt. No. 29); and
    Si-Tech Industries Inc. (Dkt. No. 26).

Several of the defendants that waived service have requested and received formal (or informal) extensions of time to file a responsive pleading and/or discuss settlement, and some of these defendant have settled, have indicated they will settle, and/or have or will be dismissed from this case. As of August 16, 2016, only five of the defendants that waived service and have not received extensions of time have filed responsive pleadings (Dkt. Nos. 54, 61, 65, 67 and 68).

Eighteen defendants did not waive service and we requested and received summonses from the Court to serve them on August 4, 2016. To date, nine of those eighteen defendants have been formally served and service attempts on the other nine defendants continue. Defendant United States Department of Energy cannot waive service, was served via certified mail on July 21, 2016 pursuant to Fed. R. Civ. P. 4(i)(1), and has until September 19, 2016 to file a responsive pleading. Plaintiff is working with the remaining defendants on potential settlements, but will effectuate timely service by September 30, 2016 against all defendants.

Based on the events to date and especially considering attorneys for only ten defendants have entered an appearance in this case to date (and several of these entries of appearance occurred less than a week before the August 18, 2016 deadline to file a Joint Status Report), Plaintiff's counsel simply has not had sufficient time to adequately confer with a significant number of defense counsel on several items the Court requires for a Joint Status Report. Nevertheless, Plaintiff's counsel files this Second Status Report and will appear at the August 22, 2016 initial status hearing if the Court still wants to conduct the initial status hearing on that date.

Alternatively, Plaintiff's counsel respectfully submits that it may be more appropriate to set the due date for the Joint Status Report and initial status hearing for at least mid-October 2016, which will allow sufficient time for nearly all remaining defendants at that time to be formally served, enter appearances, filed responsive pleadings, and adequately confer with Plaintiff's counsel regarding the items required by the Court in a Joint Status Report. Plaintiff's counsel has conferred with counsel all defendants that have had an attorney enter an appearance

in this case and they all agree that mid-October 2016 would be more appropriate for a Joint Status Report and initial status hearing.[1]

## NATURE OF THE CASE

A.  Attorneys of Record for each party (as of August 18, 2016)

Gary D. Justis, Esq.
Rachel D. Guthrie, Esq.
Matthew T. Merryman, Esq.
The Justis Law Firm LLC
10955 Lowell Ave.
Suite 520
Overland Park, KS 66210-2336
Telephone: (913) 955-3710
Facsimile: (913) 955-3711
Email: gjustis@justislawfirm.com
        rguthrie@justislawfirm.com
        mmerryman@justislawfirm.com

*Attorneys for Plaintiff LCCS Group*

Karen Kavanagh Mack, Esq.
Brian D. Saucier, Esq.
Deutsch, Levy & Engel, Chartered
225 W. Washington St.
Suite 1700
Chicago, IL 60606
Telephone: (312) 346-1460
Facsimile: (312) 346-1859
Email: mack@dlec.com
        saucier@dlec.com

*Attorneys for Defendant A.N. Webber Logistics, Inc.*

Michael R. Reck, Esq.
Belin McCormick, P.C.
666 Walnut St.
Suite 2000
Des Moines, IA 50309
Telephone: (515) 243-7100
Facsimile: (515) 558-0645

---

[1] Plaintiff's counsel did not confer with counsel for Defendant Jewell Instruments, LLC d/b/a Triplett Test Equipment & Tools since Plaintiff voluntarily dismissed this Defendant on August 17, 2016 (Dkt. No. 74).

4

Email: mrreck@belinmccormick.com

*Attorneys for Defendant Barton Solvents, Inc.*

William G. Ford, Esq.
Lathrop & Gage LLP
2345 Grand Blvd.
Kansas City, MO 64108
Telephone: (816) 292-2000
Facsimile: (816) 292-2001
Email: wford@lathropgage.com

Cynthia M. Teel, Esq.
Lathrop & Gage LLP
950 17th St.
Denver, CO 80202
Telephone: (720) 931-3200
Facsimile: (720) 931-3201
Email: cteel@lathropgage.com

Nicholas R. Johnson, Esq.
Mayer Brown Llp
71 S. Wacker Dr.
Chicago, IL 60606
Telephone: (847) 924-9933
Facsimile: (312) 920-3301
Email: njohnson@mayerbrown.com

*Attorneys for Defendant Cargill, Inc.*

Albert L. Chollet III, Esq.
Watt, Tieder, Hoffar & Fitzgerald, LLP
10 S. Wacker Dr.
Suite 2935
Chicago, IL 60606
Telephone: (312) 219-6900
Facsimile: (703) 893-8029
Email: achollet@watttieder.com

Alana E. Fortna, Esq.
Babst, Calland, Clements and Zomnir, P.C.
2 Gateway Ctr.
603 Stanwix St.
6th Floor
Pittsburgh, PA 15222
Telephone: (412) 773-8702
Facsimile: (412) 394-6576

Email: afortna@babstcalland.com

*Attorneys for Defendant CBS Corporation*

Paul J. Ripp, Esq.
Williams Montgomery & John Ltd.
233 S. Wacker Dr.
Suite 6100
Chicago, IL  60606
Telephone: (312) 443-3200
Facsimile: (312) 630-8505
Email: pjr@willmont.com

*Attorneys for Defendant Enthone, Inc.*

Lawrence C. Rubin, Esq.
Taft Stettinius & Hollister LLP
111 E. Wacker Dr.
Suite 2800
Chicago, IL  60601
Telephone: (312) 836-4017
Facsimile: (312) 966-8495
Email: lrubin@taftlaw.com

*Attorneys for Defendant Jewell Instruments, LLC d/b/a Triplett Test Equipment & Tools*[2]

Jeffrey A. Ryva, Esq.
Quinn, Johnston, Henderson, Pretorius & Cerulo
227 N.E. Jefferson Ave.
Peoria, IL  61602
Telephone: (309) 674-1133
Facsimile: (309) 674-6503
Email: jryva@quinnjohnston.com

*Attorneys for Defendant Lenz Oil Service Peoria, Inc.*

Patrick R. Grady, Esq.
Wolfe & Jacobson, Ltd.
25 E. Washington St.
Suite 700
Chicago, IL  60602
Telephone: (312) 855-0500
Facsimile: (312) 855-0510
Email: pgrady@wj-attorneys.com

---

[2] Plaintiff voluntarily dismissed this Defendant on August 17, 2016 (Dkt. No. 74).

Nicholas J. Linz, Esq.
Hager, Dewick & Zuengler, S.C.
200 S. Washington St.
Suite 401
Green Bay, WI 54301
Telephone: (920) 430-1900
Facsimile: (920) 430-1909
Email: kbullis@hdz-law.com

*Attorneys for Defendant Romo, Inc. d/b/a Roma Durable Graphics*

Daniel R. Flynn, Esq.
Leech Tishman Fuscaldo & Lampl, LLC
2215 York Rd.
Suite 310
Oak Brook, IL 60523
Telephone: (630) 536-1171
Facsimile: (630) 505-1608
Email: dflynn@leechtishman.com

*Attorneys for Defendant Si-Tech Industries Inc.*

Thomas L. O'Carroll
Hinshaw & Culbertson LLP
222 N. LaSalle St.
Suite 300
Chicago, IL 60601
Telephone: (312) 704-3000
Facsimile: (312) 704-3001
Email: tocarroll@hinshawlaw.com

*Attorneys for Defendant Steve Gregory Landscaping & Snowplowing, Inc.*

**B.     Basis for federal jurisdiction**

This Court has exclusive jurisdiction over the First Claim for Relief in Plaintiff's Complaint, which arises under the laws of the United States, pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 2201 and 42 U.S.C. §§ 9607 and 9613. The Court also has jurisdiction over the Second Claim for Relief to enter a declaratory judgment under 28 U.S.C. §§ 2201 and 2202, as well as 42 U.S.C. § 9613.

    **C.**    **Nature of the claims asserted in the Complaint and any counterclaims**

This is a civil action pursuant to the provisions of the Comprehensive Environmental Response, Compensation and Liability Act of 1980, as amended, 42 U.S.C. § 9601 *et seq.* ("CERCLA"). The LCCS Group asserts there has been a release and/or threat of release of hazardous substances from a facility known as the Lake Calumet Cluster Site ("LCCS Site") located in the City of Chicago, County of Cook, Illinois. These hazardous substances have contaminated the soil and groundwater at the LCCS Site and have threatened the public health and the environment. Each of the Defendants generated and/or transported hazardous substances that were disposed of at the LCCS Site. This action seeks contribution of over $2 million in past response costs incurred by the LCCS Group at the LCCS Site in response to the release and threatened release of hazardous substances into the environment at and from the LCCS Site; and a declaration of each Defendant's liability for future response costs to be incurred by the LCCS Group members (and their assignors) at the LCCS Site. To date, no defendant has filed a responsive pleading so no counterclaims have been asserted.

    **D.**    **Relief sought**

Count I of Plaintiff's Complaint seeks contribution under CERCLA for each defendant's respective equitable share of past response costs incurred at the LCCS Site by Plaintiff, along with applicable interest allowed by CERCLA. Count II of Plaintiff's Complaint seeks a declaratory judgment under CERCLA for each defendant's equitable share of future response costs to be incurred at the LCCS Site.

**PENDING MOTIONS AND CASE PLAN**

 A. **Pending Motions**

To date, the only pending motion is a Motion to Dismiss for failure to state a claim filed by Defendant Si-Tech Industries Inc. on August 16, 2016 (Dkt. No. 61).

 B. **Proposal for Discovery Plan**

Because of the timing outlined in the Introduction, Plaintiff's counsel does not know which attorneys will be representing each defendant in order to confer with all defense counsel on a proposed discovery plan.

 C. **Anticipated scope of ESI**

Because of the timing outlined in the Introduction, Plaintiff's counsel does not know which attorneys will be representing each defendant in order to confer with all defense counsel on the anticipated scope of ESI.

 D. **Jury requests, length of trial and proposed trial date**

Because of the timing outlined in the Introduction, Plaintiff's counsel does not know which attorneys will be representing each defendant in order to confer with all defense counsel on the probable length of trial or the earliest possible date when the case will be ready for trial. This type of CERCLA case does not allow for a jury trial.

**CONSENT TO PROCEED BEFORE A MAGISTRATE JUDGE**

Because of the timing outlined in the Introduction, Plaintiff's counsel does not know which attorneys will be representing each defendant in order to confer with all defense counsel on whether the parties will unanimously consent to proceed before a Magistrate Judge.

## STATUS OF SETTLEMENT DISCUSSIONS

### A. Settlement discussions to date

With very few exceptions, Plaintiff issued pre-litigation settlement offers to all defendants in November 2015 and/or early in 2016. Plaintiff has engaged in settlement discussions with all defendants that responded to Plaintiff's settlement offers.

### B. Status of any settlement discussions

Plaintiff has continued and will continue to discuss settlement with any defendant interested in discussion settlement.

### C. Request for settlement conference

Because of the timing outlined in the Introduction, Plaintiff's counsel does not know which attorneys will be representing each defendant in order to confer with all defense counsel on whether the parties request a settlement conference.

Dated: August 18, 2016

Respectfully submitted,

THE JUSTIS LAW FIRM LLC

/s/ Gary D. Justis
Gary D. Justis          N.D. IL ID 90785201
Rachel D. Guthrie       N.D. IL ID 64881
Matthew T. Merryman     N.D. IL ID 66078
10955 Lowell Ave.
Suite 520
Overland Park, KS  66210-2336
Telephone: (913) 955-3710
Facsimile:  (913) 955-3711
Email: gjustis@justislawfirm.com
       rguthrie@justislawfirm.com
       mmerryman@justislawfirm.com

ATTORNEYS FOR PLAINTIFF LCCS GROUP

## **CERTIFICATE OF SERVICE**

      I hereby certify that on August 18, 2016, a copy of the foregoing Plaintiff's Second Status Report was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access the filing through the Court's Electronic Case Filing System.

                                        /s/ Gary D. Justis
                                        Gary D. Justis