IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LCCS GROUP, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action No. 1:16-cv-05827 |
| | ) |
| A.N. WEBBER LOGISTICS, INC., et al., | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT SI-TECH INDUSTRIES INC.'S MOTION TO DISMISS**

**INTRODUCTION**

Plaintiff LCCS Group ("Plaintiff"), by and through counsel, respectfully submits the following Response in Opposition to Defendant Si-Tech Industries Inc.'s Motion to Dismiss, pursuant to Rule 12(b)(6), filed by Defendant Si-Tech Industries Inc. ("Si-Tech"). Plaintiff filed its original Complaint on July 3, 2016 (Dkt. No. 1). Si-Tech filed its Motion to Dismiss on August 16, 2016 (Dkt. No. 61).

Si-Tech argues that Plaintiff's Complaint fails to satisfy the pleading standards set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S 544 (2007), *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), and subsequent Seventh Circuit cases. Specifically, Si-Tech attacks Plaintiff's allegations that Si-Tech is the successor in interest to Reliable Liquid Control Corp. ("Reliable Liquid") and Reliable Oil Co. ("Reliable Oil") (collectively, the "Reliable Entities") (Si-Tech Motion to Dismiss at ¶ 10). Plaintiff's Complaint alleges sufficient allegations to establish the plausibility that Si-Tech is the successor to the Reliable Entities. *See* Complaint at ¶¶ 402-426.

**II.     STANDARD OF REVIEW**

In reviewing Rule 12(b)(6) motions, the Court takes as true all factual allegations in the

complaint and draws all reasonable inferences in the plaintiff's favor. *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). The complaint must first provide a short and plain statement of the claim showing that the plaintiff is entitled to relief. *Twombly*, 550 U.S. at 555. Additionally, the short and plain statement need not provide specific facts, but rather give the defendant fair notice of the claim and the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, at 93 (2007). Assuming the factual allegations as true, the claim must be sufficient to raise the possibility of relief above a mere speculative level. *E.E.O.C. v. Concentra Health Services, Inc*., 496 R.3d 773, 776 (7th Cir. 2007). A court may dismiss a complaint under Rule 12(b)(6) only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. 662, 678 (2009). Further, when a complaint contains well-pleaded factual allegations, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679.

## ARGUMENT

Si-Tech cites to the U.S. Supreme Court's *Iqbal* and *Twombly* decisions to support their arguments that the Complaint contains insufficient allegations to support the Plaintiff's CERCLA claims (Si-Tech Mot. to Dismiss at ¶ 7). District court decisions both before and after *Twombly* have held that CERCLA does not contain any heightened pleading requirements. *City of Waco v. Schouten*, 385 F. Supp. 2d 595, 600 (W.D. Tex. 2005); *City of Waukegan, Ill. v. Nat'l Gypsum Co*., 587 F. Supp. 2d 997, 1004 (N.D. Ill. 2008); *City of Gary, Indiana v. Shafer*, 683 F. Supp. 2d 836, 862 (N.D. Ind. 2010); and *Warwick Administrative Group v. Avon Products, Inc*.,

820 F. Supp. 116, 121 (S.D.N.Y. 1993). Even after the Supreme Court's ruling in *Twombly*, federal courts continue to adhere to a basic notice pleading standard. The Seventh Circuit has routinely rejected the need for heightened fact pleading of specifics and only requires enough facts to state a claim to relief that is plausible on its face. *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 465 (7th Cir. 2010) (*citing Twombly*, 550 U.S. at 570). Nonetheless, by evaluating the allegations in the Complaint in relationship to the four required elements of a CERCLA claim, Plaintiff will demonstrate why the Complain meets the standards set for in *Iqbal/Twombly*.

      To state a claim under either CERCLA Sections 107(a) or 113(f), Plaintiff must allege that: (1) the site in question is a "facility"; (2) there has been a release or threatened release of hazardous substances at the "facility"; (3) the defendant is a potentially responsible person for the spill as defined by CERCLA; and (4) the plaintiff incurred response costs responding to the release or threatened release. *N. States Power Co. v. City of Ashland, Wis.*, 131 F. Supp. 3d 802, 820 (W.D. Wis. 2015); *citing Kalamazoo River Study Grp. v. Rockwell Int'l,* 171 F.3d 1065, 1068 (6th Cir.1999); *RSR Corp. v. Avanti Dev., Inc.*, No. IP 95-1359-C-M/S, 2000 WL 1449857 (S.D. Ind. Jan. 20, 2000); *Envtl. Transp. Sys., Inc. v. ENSCO, Inc.*, 969 F.2d 503, 506 (7th Cir. 1992). The Court does not require plaintiff to allege anything more than the four elements of a CERCLA claim at the pleading stage. *See Pape v. Great Lakes Chem. Co.*, No. 93 C 1585, 1993 WL 424249 (N.D. Ill. Oct. 19, 1993).

      Si-Tech specifically attacks the Complaint only with respect to the third element – that Si-Tech, as successor to the Reliable Entities falls within one of four categories of potentially responsible parties. Si-Tech does not dispute Plaintiff's allegations that the Reliable Entities fall within one of the four categories of potentially responsible parties, rather Si-Tech argues Plaintiff's Complaint merely asserts a bald and conclusory assertion that Si-Tech is the successor

3

to the Reliable Entities.

Plaintiff's Complaint alleges sufficient factual allegations to establish the plausibility that Si-Tech is the successor to the Reliable Entities, under either a mere continuation or *de facto* merger theory of liability. Under Illinois law, a purchasing entity succeeds to the liabilities of the selling entity in four circumstances: (1) where an express or implied agreement of assumption of the liabilities exists; (2) if the sale is a *de facto* merger; (3) if the purchaser is a mere continuation of the seller; or (4) if the transaction was fraudulent. *See Vernon v. Schuster*, 688 N.E.2d 1172, 1175-1176 (1997). To determine whether the buyer is a "mere continuation" of the seller, Illinois courts review whether there is continuity of ownership between the buyer and seller such that the buyer is essentially a "reincarnation" of the seller. *Id*. This exception is designed specifically to prevent a predecessor from placing its assets out of the reach of would be creditors. *Id*. Thus, if a corporation goes through a mere change in form without a significant change in substance, it should not be allowed to escape liability. *Id*. The primary factor in determining whether a mere continuation exists hinges on whether a common identity of ownership is present. *Id*.; *see also Nilsson v. Cont'l Mach. Mfg. Co.*, 621 N.E.2d 1032, 1033 (1993).

Likewise, to determine whether there has been a *de facto* merger, Illinois courts look to a number of factors, including continuity of management, personnel, location, assets, operations, shareholders, whether the seller ceased operations, liquidated or dissolved shortly after the sale, and whether the buyer assumes sufficient obligations of the seller ordinarily necessary for the uninterrupted continuation of the seller's business operations. *See State ex rel. Donahue v. Perkins & Will Architects, Inc.*, 413 N.E.2d 29, 32 (1980). In order for there to be *de facto* merger between two corporations, the following should be present: (1) continuity of business operations including continuity of management, employees, location, and assets; (2) continuity

4

of shareholders, whereby shareholders of transferor corporation exchange their ownership of transferor corporation for shares of transferee corporation; (3) transferor corporation should cease operations and dissolve within short time; (4) and transferee corporation should then assume those liabilities of transferor corporation which are necessary for continuation of normal business operations. *Donahue*, 413 N.E.2d at 32. The most important factor in determining if a *de facto* merger exists is the identity of the ownership between the new and former corporations. *Diguilio v. Goss Int'l Corp.*, 906 N.E.2d 1268, 1277 (2009).

A. **Plaintiff's Complaint Sufficiently Alleges Si-Tech Is the Successor to Reliable Liquid.**

Plaintiff alleges sufficient facts to demonstrate that Si-Tech is the successor to Reliable Liquid through either mere continuation or *de facto* merger. Plaintiff alleges in the Complaint that Reliable Liquid had a primary place of business at 7700 West 88th Street, Bridgeview, Illinois. Plaintiff further alleges that, Reliable Liquid was in the business of liquid waste hauling. Plaintiff further alleges that, on or about August 28, 1990, Si-Tech was filed as a foreign corporation with the Illinois Secretary of State. Plaintiff further alleges that, on or about August 1, 1992, Reliable Liquid was involuntarily dissolved by the Illinois Secretary of State. Plaintiff further alleges that the last known officer of record for Reliable liquid was President Fred J. Sykora with an address of 10647 South St. Louis Street, Chicago, Illinois. Plaintiff further alleges that the last known officers of record for Si-Tech are President Michael J. Sykora, with an address of 17202 South 70th Avenue, Tinley Park, Illinois and Secretary Cerald T. Slattery, with an address of 10844 South Maplewood, Chicago, Illinois. Plaintiff further alleges that, in or about 2001, the 7700 West 88th Street, Bridgeview, Illinois property associated with Reliable Liquid was sold to the Village of Bridgeview, Illinois, with a warranty deed signed by Michael J. Sykora. Plaintiff further alleges that, according to the U.S. Environmental Protection Agency

("EPA"), the 7700 West 88th Street, Bridgeview, Illinois property is associated with EPA identification number ILD089064745, which is the same EPA identification number assigned to Si-Tech. Plaintiff further alleges that, EPA also assigned EPA identification number ILD089064745 to Reliable Liquid also at the 7700 West 88th Street, Bridgeview, Illinois property, with Michael J. Sykora as the regulatory contact. Plaintiff alleges sufficient facts to show an identifiable continuity of business operations, management, corporate officers, business location, a common ownership, and a timely dissolution of the predecessor company to demonstrate that Si-Tech is the successor to Reliable Liquid either through mere continuation theory or *de facto* merger.

**B.     Plaintiff's Complaint Sufficiently Alleges Si-Tech Is the Successor to Reliable Oil.**

Plaintiff alleges sufficient facts to demonstrate that Si-Tech is the successor to Reliable Oil through either mere continuation or *de facto* merger. Plaintiff alleges in the Complaint that on or about January 1, 1980, Reliable Oil was formed as an Illinois corporation. Plaintiff further alleges that, Reliable Oil had a principal place of business at 10647 South St. Louis Street, Chicago, Illinois, which is the same address as Reliable Liquid's President Fred J. Sykora. Plaintiff further alleges that, Reliable Oil was in the business of liquid waste hauling. Plaintiff further alleges that, on or about August 28, 1990, Si-Tech filed as a foreign corporation with the Illinois Secretary of State. Plaintiff further alleges that, on or about May 16, 2996, Reliable Oil was dissolved by the Illinois Secretary of State. Plaintiff further alleges that the last officers of record for Reliable Oil were President Fred J. Sykora and Secretary Michael J. Sykora. Plaintiff further alleges the last known officers of record for Si-Tech are President Michael J. Sykora, with an a address of 17202 South 70th Avenue, Tinley Park, Illinois and Secretary Cerald T. Slattery, with an address of 10844 South Maplewood, Chicago, Illinois. Plaintiff further alleges

6

that Si-Tech is in the business of liquid waste hauling. Plaintiff alleges sufficient facts to show an identifiable continuity of business operations, management, corporate officers, business location, a common ownership, and a timely dissolution of the predecessor company to demonstrate that Si-Tech is the successor to Reliable Oil either through mere continuation theory or *de facto* merger.

## CONCLUSION

When all reasonable inferences in the Complaint are drawn in Plaintiff's favor, Plaintiff has sufficiently alleged that Si-Tech is the successor to the Reliable Entities. Plaintiff has and will continue to incur millions of dollars in response costs to conduct response actions at the LCCS Site required by EPA and/or the State of Illinois. By filing this action, Plaintiff seeks to recover from all Defendants, including Si-Tech, their respective equitable shares of response costs associated with such activities. Plaintiff has set forth a Complaint, which complies with CERCLA and applicable case law from the U.S. Supreme Court and Seventh Circuit, that puts all Defendants on sufficient notice of the claims being made against them. For these and foregoing reasons, Plaintiff respectfully requests that the Court deny Si-Tech's Motion to Dismiss, and for such other and further relief as the Court deems just and proper under the circumstances.

Dated: September 12, 2016    Respectfully submitted,

                                                                THE JUSTIS LAW FIRM LLC

/s/ Gary D. Justis
Gary D. Justis        N.D. IL ID 90785201
Rachel D. Guthrie    N.D. IL ID 64881
Matthew T. Merryman N.D. IL ID 66078
10955 Lowell Ave.
Suite 520
Overland Park, KS 66210-2336
Telephone: (913) 955-3710
Facsimile: (913) 955-3711
Email: gjustis@justislawfirm.com
          rguthrie@justislawfirm.com
          mmerryman@justislawfirm.com

ATTORNEYS FOR PLAINTIFF LCCS GROUP

**CERTIFICATE OF SERVICE**

I hereby certify that on September 12, 2016, a copy of the foregoing Plaintiff's Response in Opposition to Defendant Si-Tech Industries Inc.'s Motion to Dismiss was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access the filing through the Court's Electronic Case Filing System.

                                                          /s/ Gary D. Justis
                                                          Gary D. Justis