**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| LCCS GROUP, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 16 C 5827 |
| | ) | |
| v. | ) | Judge Amy J. St. Eve |
| | ) | |
| A.N. WEBBER LOGISTICS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

The Court denies Defendant Si-Tech Industries, Inc's ("Si-Tech") motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6). [61]. Said defendant shall file its answer by October 25, 2016.

**STATEMENT**

On June 3, 2016, Plaintiff LCCS Group brought a Complaint against numerous Defendants, including Defendant Si-Tech, pursuant to provisions of the Comprehensive Environmental Response, Compensation and Liability Act of 1980, as amended, 42 U.S.C. § 9601 *et seq.* ("CERCLA"). Before the Court is Defendant Si-Tech's Rule 12(b)(6) motion to dismiss. For the following reasons, the Court denies Si-Tech's motion.

**LEGAL STANDARD**

"A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.,* 761 F.3d 732, 736 (7th Cir. 2014). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citation omitted). Under the federal notice pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Twombly,* 550 U.S. at 570). In determining the sufficiency of a complaint under the plausibility standard, courts must "accept all well-pleaded facts as true and draw reasonable inferences in the plaintiffs' favor." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016).

**BACKGROUND**

In its Complaint, Plaintiff alleges that there has been a release and/or threat of release of hazardous substances from a facility known as the Lake Calumet Cluster Site ("LCCS Site") located in Chicago, Illinois. (R. 1, Compl. ¶¶ 1, 4.) Plaintiff further alleges that these hazardous substances have contaminated the soil and groundwater at the LCCS Site and have threatened the public health and environment. (*Id.* ¶ 1.) Also, Plaintiff maintains that each named Defendant generated and/or transported hazardous substances that were disposed of at the LCCS Site. (*Id.*)

Plaintiff alleges that Defendant Si-Tech is the successor to Reliable Liquid Control Corp. ("Reliable Liquid") and Reliable Oil Co. ("Reliable Oil"), which were in the business of liquid waste hauling. (*Id.* ¶¶ 402, 405, 417, 420.) Plaintiff alleges that according to LCCS Site records, Reliable Liquid by contract or agreement arranged for the disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment of waste containing hazardous substances owned or possessed by Reliable Liquid from the LCCS Site. (*Id.* ¶ 415.) Also, according to LCCS Site records, Reliable Oil by contract or agreement arranged for the disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment, of waste containing hazardous substances owned or possessed by Reliable Oil from the LCCS Site. (*Id.* ¶ 425.)

**ANALYSIS**

In the present Rule 12(b)(6) motion, Si-Tech contends that Plaintiff has failed to plausibly allege successor liability under the federal pleading standards. Although the Seventh Circuit has held Congress intended that successor liability applies in the context of CERCLA, the "general rule is that an asset purchaser [] does not acquire the liabilities of the seller." *N. Shore Gas Co. v. Salomon, Inc.,* 152 F.3d 642, 651 (7th Cir. 1998) (applying federal common law), *overruled in part on other grounds, Envision Healthcare, Inc. v. PrefferredOne Ins. Co.,* 604 F.3d 983 (7th Cir. 2010); *see also Precision Brand Prod., Inc. v. Downers Grove Sanitary Dist.*, No. 08 C 5549, 2011 WL 3489844, at *4 (N.D. Ill. Aug. 8, 2011). There are four exceptions to this general rule: "(1) the purchaser expressly or impliedly agrees to assume the liabilities; (2) the transaction is a *de facto* merger or consolidation; (3) the purchaser is a 'mere continuation' of the seller; or (4) the transaction is an effort to fraudulently escape liability." *N. Shore Gas,* 152 F.3d at 651 (citing *Vernon v. Schuster,* 179 Ill. 2d 338, 345 (Ill. 1997)).

In the present motion, Si-Tech argues that Plaintiff has failed to sufficiently allege facts that would support any of these four exceptions to the general rule that an asset purchaser does not acquire the liabilities of a seller. Plaintiff, on the other hand, asserts that it has sufficiently alleged factual allegations that Si-Tech is the successor to both Reliable Liquid and Reliable Oil under either the second or third exceptions outlined in *N. Shore Gas* and *Vernon*. Turning to the second exception, "to establish a *de facto* merger, the following factors need to be present: (1) there is a continuity of the business enterprise between seller and buyer, including continuity of management, employees, location, general business operations and assets; (2) there is a

continuity of shareholders, in that shareholders of the seller become shareholders of the buyer so that they become a constituent part of the buyer corporation; (3) the seller ceases operations and dissolves as soon as possible after the transaction; and (4) the buyer assumes those liabilities and obligations necessary for the uninterrupted continuation of the seller's business." *Steel Co. v. Morgan Marshall Indus., Inc.,* 278 Ill. App. 3d 241, 248 (1st Dist. 1996). The "mere continuation exception allows recovery when the purchasing corporation is substantially the same as the selling corporation." *N. Shore Gas,* 152 F.3d at 654; *see also Vernon,* 179 Ill. 2d at 346 ("The continuation exception to the rule of successor corporate nonliability applies when the purchasing corporation is merely a continuation or reincarnation of the selling corporation."). The focus of this inquiry is "whether the purchaser continues the *corporate entity* of the seller, not so much on whether the purchaser continues the *business operations* of the seller." *N. Shore Gas,* 152 F.3d at 654 (emphasis in original); *see also Vernon*, 179 Ill. 2d at 346. "Courts have identified a number of factors that suggest that the seller's corporate entity has continued on after the sale of assets," including, "an identity of officers, directors, and stock between the selling and purchasing corporations." *N. Shore Gas,* 152 F.3d at 654 (citation omitted).

Plaintiff maintains that it has alleged sufficient facts to show an identifiable continuity of business operations, management, corporate officers, business location, a common ownership, and a timely dissolution of the predecessor company to demonstrate that Si-Tech is the successor to Reliable Liquid and Reliable Oil through either mere continuation theory or *de facto* merger exceptions. More specifically, in its Complaint, Plaintiff alleges that Si-Tech, which is in the business of liquid waste hauling, is the successor to Reliable Liquid. (Compl. ¶¶ 402, 414.) On or about March 25, 1975, Reliable Liquid was formed as an Illinois corporation. (*Id*. ¶ 403.) Reliable Liquid had a principal place of business at 7700 West 88th Street, Bridgeview, Illinois and was in the business of liquid waste hauling. (*Id*. ¶¶ 404, 405.) On or about August 28, 1990, Si-Tech filed as a foreign corporation with the Illinois Secretary of State. (*Id*. ¶ 406.) On or about August 1, 1992, the Illinois Secretary of State involuntarily dissolved Reliable Liquid. (*Id.* ¶ 407.) The last known officer of record for Reliable Liquid was President Fred J. Sykora with an address of 10647 South St. Louis Street, Chicago, Illinois. (*Id*. ¶ 408). The last known officers of record for Si-Tech, include President Michael J. Sykora, with an address of 17202 South 70th Avenue, Tinley Park, Illinois and Secretary Gerald T. Slattery, with an address of 10844 South Maplewood, Chicago, Illinois. (*Id*. ¶ 409.) In or about 2001, the 7700 West 88th Street, Bridgeview, Illinois property was sold to the Village of Bridgeview, Illinois, with the warranty deed signed by Michael J. Sykora. (*Id*. ¶ 410.) According to EPA, the 7700 West 88th Street, Bridgeview, Illinois property is associated with EPA identification number ILD089064745, which is assigned to Si-Tech. (*Id*. ¶ 411.) Additionally, EPA also assigned EPA identification number ILD089064745 to Reliable Liquid also at the 7700 West 88th Street, Bridgeview, Illinois property and the regulatory contact is Michael Sykora. (*Id*. ¶ 412.)

Plaintiff also alleges that on or about January 1, 1980, Reliable Oil was formed as an Illinois corporation. (*Id*. ¶ 418.) Further, Plaintiff asserts that Reliable Oil had a principal place of business at 10647 South St. Louis Street, Chicago, Illinois, which is the same address as Reliable Liquid's President Fred J. Sykora. (*Id*. ¶ 419.) Plaintiff further alleges that Reliable Oil was in the business of liquid waste hauling. (*Id*. ¶ 420.) On or about August 28, 1990, Si-Tech

3

filed as a foreign corporation with the Illinois Secretary of State. (*Id*. ¶ 421.) Plaintiff maintains that on or about May 16, 1996, Reliable Oil was dissolved by the Illinois Secretary of State. (*Id*. ¶ 422.) The last officers of record for Reliable Oil were President Fred J. Sykora and Secretary Michael J. Sykora. (*Id*. ¶ 423.) Plaintiff alleges the last known officers of record for Si-Tech are President Michael J. Sykora – with an a address of 17202 South 70th Avenue, Tinley Park, Illinois and Secretary Gerald T. Slattery – with an address of 10844 South Maplewood, Chicago, Illinois. (*Id*. ¶ 424.)

Viewing the facts and reasonable inferences in Plaintiff's favor, these allegations provide sufficient details that plausibly allege both the mere continuation and *de facto* merger exceptions, including that Si-Tech and the Reliable Entities have similar or the same corporate officers, operate the same type of business, and utilize the same EPA identification number. *See Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."). Nevertheless, Si-Tech argues that Plaintiff has failed to allege sufficient facts concerning the continuity of ownership between the Reliable Entities and Si-Tech. *See General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1084 (7th Cir. 1997) (under Illinois law, "a purchaser of assets will not be liable under the theory of *de facto* merger or mere continuation in the absence of continuity of ownership.").

As the Supreme Court teaches, the "[f]ederal pleading rules call for 'a short and plain statement of the claim showing that the pleader is entitled to relief,' they do not countenance dismissal of a complaint for imperfect statement[s] of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.*, ___ S.Ct. ___, 135 S. Ct. 346, 346, 190 L.Ed.2d 309 (2014) (per curiam) (citing Fed.R.Civ.P. 8(a)(2)). Simply put, "[a] complaint must narrate a plausible grievance; it need not set out a legal theory or cite authority." *Frank v. Walker*, 819 F.3d 384, 387 (7th Cir. 2016). Here, Plaintiff has alleged sufficient factual details plausibly alleging Si-Tech's successor liability under both the mere continuation and *de facto* merger exceptions. *See Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged."). That is all that is required at this juncture.

For these reasons, the Court denies Si-Tech's motion to dismiss.

**Dated:** October 11, 2016

_____
**AMY J. ST. EVE**
**United States District Court Judge**