**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LCCS GROUP,<br><br>        Plaintiffs,<br><br>        v.<br><br>A.N. WEBBER LOGISTICS, INC., et al.,<br><br>        Defendants. | Civil Action No. 1:16-cv-05827<br><br>Judge Amy J. St. Eve |

**Agreed Protective Order Between Defendant
Cargill, Inc. and Plaintiff LCCS Group**

For the reasons set forth herein, Defendant Cargill, Inc. ("Cargill") and Plaintiff LCCS Group ("Plaintiff" or "LCCS Group") seek entry of this Agreed Protective Order in order to allow them to identify and disclose information that is alleged to be confidential to each other, and to protect such information from identification and disclosure to other parties in this litigation until such time as the parties may agree or this Court may otherwise order.

**ORDER**

On February 10, 2005, Cargill signed a Lake Calumet Cluster Sites (LCCS) Participation Agreement to become a member of the LCCS Group.

Both before and after February 10, 2005, documents were shared by and with Cargill to and from other members of the LCCS Group and their legal counsel and representatives. Those documents concerned the LCCS Sites and included factual background information, allocation analysis and other communications (hereinafter "LCCS Documents").

The LCCS Documents include both documents provided to Cargill by the LCCS Group members or their representatives, and documents provided from Cargill or its representatives to the LCCS Group members or their representatives.

Cargill withdrew from the LCCS Group on April 6, 2005.

Plaintiff alleges the LCCS Participation Agreement imposes confidentiality and privilege obligations on Cargill extending beyond Cargill's withdrawal which purported obligations, according to Plaintiff, prevent Cargill from currently disclosing documents in this litigation or using such LCCS Documents in Cargill's defense of claims brought against it in this litigation. Cargill disagrees in whole or in part with this interpretation.

Cargill believes that certain of the LCCS Documents are directly relevant to the issues in this litigation including but not limited to issues such as: dates of operation of LCCS, location of disposal of waste, removal of waste from the several LCCS locations, inventories of waste, dates of notice or incurrence of claims, and the equitable allocation of costs and liabilities.

Pending further review and evaluation of the LCCS Documents, Cargill's present intention is to disclose some of the LCCS Documents in Cargill's required Rule 26 disclosures to Plaintiff due on January 13, 2007.

To the extent Cargill is restricted in its use of LCCS Documents by the confidentiality provisions of the Lake Calumet Cluster Sites (LCCS) Participation Agreement, Cargill will assert that Plaintiff is similarly restricted.

In an effort to avoid allegations of claimed breach of confidentiality provisions and allow the parties time to potentially negotiate and agree to a plan for use of LCCS Documents in this litigation, it is ORDERED ADJUDGED AND DECREED as follows:

1. Cargill and Plaintiff may each identify LCCS Documents in their respective Rule 26 disclosures to each other and may withhold such disclosures and documents from other defendants in this litigation. This Rule 26 identification of and the actual LCCS Documents themselves will not be shared with other defendants in this litigation, until and unless Plaintiff

and Cargill agree, or one party seeks and obtains an order from this Court allowing such disclosure.

2. By this Protective Order, neither Cargill nor Plaintiff admit that any LCCS Documents are or are not subject to confidentiality or privilege under the Lake Calumet Cluster Sites (LCCS) Participation Agreement.

3. Information that Cargill or Plaintiff believe may be confidential or protected under the Lake Calumet Cluster Sites (LCCS) Participation Agreement shall be marked by the identifying or producing party as "LCCS CONFIDENTIAL."

4. Following this procedure may allow Cargill and Plaintiff time to negotiate an agreed disclosure or protocol for dealing with claimed or potentially confidential LCCS Documents as the litigation progresses. To the extent that such an agreement or protocol cannot be agreed to, Cargill and Plaintiff agree that any disclosure of LCCS Documents (to the extent those documents are not otherwise already in the public record) to the Court in any later pleading will be under seal and in camera for Court review.

Date: December 12, 2016

JUDGE AMY J. ST. EVE

3