IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LCCS GROUP, | ) |
| | ) |
|     Plaintiff, | ) Civil Action No. 1:16-cv-05827 |
| | ) Honorable Amy J. St. Eve |
| | ) |
|   v. | ) PLAINTIFF'S STATEMENT OF |
| | ) MATERIAL FACTS ON MOTION |
| | ) FOR PARTIAL SUMMARY |
| | ) JUDGMENT |
| A.N. WEBBER LOGISTICS, INC., et al., | ) |
| | ) |
|     Defendants. | ) |

**PLAINTIFF'S STATEMENT OF MATERIAL FACTS
ON MOTION FOR PARTIAL SUMMARY JUDGMENT
AGAINST DEFENDANT INTERPLASTIC CORPORATION**

1. The LCCS Site is a cluster of contaminated facilities all located in Chicago, Cook County, Illinois, which includes two Operable Units, of which Operable Unit One ("OU1") comprises parcels commonly known as the Alburn/American Incineration, Inc. Site, the U.S. Drum II Site, the Unnamed Parcel(s) Site, and the Paxton Avenue Lagoons Site, whereas Operable Unit Two ("OU2") comprises the contaminated groundwater "at and emanating from" the LCCS Site as a whole. *Administrative Settlement Agreement and Order on Consent for Remedial Investigation/Feasibility Study for Operable Unit Two of the Lake Calumet Cluster Site*, CERCLA Docket NOV-W-12-C-013 ("OU2 RI/FS AOC") (June 3, 2013), Jurisdiction and General Provisions, p.1, ¶ 1, Definitions p.4, ¶ 11(j) (Dkt. No. 1-1).[1]

---

[1] The OU2 RI/FS AOC is already in the record before the Court as Exhibit A to Plaintiff's original Complaint (Dkt. No. 1-1). Plaintiff's citations to page numbers refer to the original pagination of the OU2 RI/FS AOC, not to the page number ascribed in e-filing. The existence and contents of the OU2 RI/FS AOC are matters of public record subject to judicial notice as they are "generally known within the territorial jurisdiction" of this Court and "can be accurately and readily determined from sources whose accuracy cannot reasonably be

2. The LCCS Site was originally wetlands and was filled with waste and debris from 1900 through the 1960s. *See* OU2 RI/FS AOC, Findings of Fact, p.5, ¶ 12 (Dkt. No. 1-1).

3. Within the LCCS Site, the U.S. Drum II Site encompasses approximately 5.6 acres at a former business address of 2400 East 119th Street, Chicago, Cook County, Illinois 60617. A waste transfer and solvent recovery facility operated at the U.S. Drum II Site in the early 1970s until a fire in 1975 or 1976, at which time the owner and/or operator abandoned operations. The U.S. Drum II Site resumed operations as a temporary drum storage and transfer facility 1979. By March 1979, the Illinois Environmental Protection Agency ("IEPA") inspected the U.S. Drum II Site and identified an estimated 6,000 drums, four open dump lagoons of assorted sludge and liquid hazardous wastes, three bulk liquid trucks, and approximately 25 semi-trailers containing drums. The U.S. Drum II Site stopped accepting waste after April 1979 by order of the Cook County Circuit Court. Additional orders of May 1979 and August 1979 required site closure and corrective measures, including construction of a berm to contain wastes, labeling, segregation, and removal of drums, and ultimately capping the U.S. Drum II Site. Between October 1979 and December 1979, an estimated 341,000 gallons of liquid and semi-solid wastes were removed from the U.S. Drum II Site. However, an estimated 1,750 drums were left on-site. IEPA inspection reports between January 1981 and October 1984 documented that approximately 50% of the drums left on-site were open, bulging or leaking, and standing water on site was accelerating drum deterioration and causing the migration of contaminants. The

---

questioned." FED. R. EVID. 201(b)(1) and (2); *see White v. Hefel*, 875 F.3d 350, 358 (7th Cir. 2017) (citing same, emphasizing facts subject to judicial notice must be beyond reasonable dispute in reversing district court's decision to take judicial notice of disputed factual allegations in criminal plea transcript); *Physicians Healthsource, Inc. v. Allscripts Health Solutions, Inc.*, 244 F. Supp. 3d 716, 718–20 (N.D. Ill. 2017) (emphasizing judicial notice is a matter of discretion and cautioning that judicially noticed facts must be relevant). Plaintiff respectfully requests the Court take judicial notice of the OU2 RI/FS AOC and the facts contained therein.

United States Environmental Protection Agency ("USEPA") performed a removal action at the U.S. Drum II Site from December 1984 through July 1985 and discovered buried drums in addition to the 1,750 drums left on-site. USEPA removed all identifiable drums, 435 cubic yards of contaminated soil, and 62,000 gallons of standing water. Removal areas were leveled, capped with clay, covered with soil, graded and seeded. *See* OU2 RI/FS AOC, Findings of Fact, pp. 5–7, ¶¶ 12, 15–18 (Dkt. No. 1-1); EPA, *Preliminary Assessment – RCRA Referral for Paxton Landfill and U.S. Drum II Sites* (March 31, 1980) (Exhibit A hereto).

4. The hazardous substances identified at the LCCS Site include at least acenaphthene, arsenic, benzene, benzo(a)anthracene, benzo(a)pyrene, benzo(b)fluranthene, benzo(k)fluoranthene, bis (2-ethylhexyl) phthalate, cadmium, calcium, chromium, copper, cyanide fluranthene, lead, manganese, phenanthrene, polychlorinated biphenyls (PCBs), toluene and zinc. *See, e.g.*, OU2 RI/FS AOC, Findings of Fact, p.8, ¶¶ 19, 22, 24 (Dkt. No. 1-1); IEPA, *Proposed Plan for Cleanup at the Lake Calumet Cluster Site* (June 2006), at 5[2]; U.S. Dept. of Health and Human Services, *Agency for Toxic Substances and Disease Registry, Public Health Assessment for Lake Calumet Cluster Site* (Feb. 11, 2009), at Tables 1–3[3]; IEPA, *Focused Feasibility Study Report* (June 2006), at 1–6, 1-7, Tables 1-1 to 1-6.[4]

5. USEPA has determined the LCCS Site is comprised of several "facilities" as defined in Section 101(9) of CERCLA, 42 U.S.C. § 9601(9). OU2 RI/FS AOC, Conclusions of Law and Determinations, p.9, ¶ 27 (Dkt. No. 1-1).

---

[2] *Available at* https://www.csu.edu/cerc/documents/LakeCalumetClusterSiteProposedCleanupPlan.pdf.
[3] *Available at* https://www.atsdr.cdc.gov/hac/pha/lakecalumetclustersite/lakecalumetclusterpha--2-10-2009--%20finalreleasea.pdf.
[4] *Available at* https://www.csu.edu/cerc/documents/LakeCalumetClusterSiteFocussedFeasibilityStudyReport.pdf.

3

6. USEPA has determined there has been a release or threatened release of hazardous substances from the LCCS Site as defined by Section 101(22) of CERCLA, 42 U.S.C. § 9601(22). OU2 RI/FS AOC, Conclusions of Law and Determinations, p.9, ¶ 27–28 (Dkt. No. 1-1).

7. The members of the LCCS Group are respondents to the June 3, 2013 OU2 RI/FS AOC. OU2 RI/FS AOC, Definitions, p.4, ¶ 11(n) & Appendix B (Dkt. No. 1-1).

8. The LCCS Group is conducting response activities at the LCCS Site under the June 3, 2013 OU2 RI/FS AOC. OU2 RI/FS AOC, Parties Bound, p.2, ¶¶ 5–11 (Dkt. No. 1-1).

9. The LCCS Group has incurred at least $2,150,738.80 of response costs as of December 12, 2017, and will continue to incur response costs, as a result of the release or threatened release of hazardous substances at the LCCS Site. Franzetti Aff. 1.

10. USEPA has determined the LCCS Group's response actions are necessary to address the release or threatened release of hazardous substances from the LCCS Site. OU2 RI/FS AOC, Conclusions of Law and Determinations, p.10, ¶ 32 (Dkt. No. 1-1).

11. USEPA has determined the LCCS Group will carry out the response actions at the LCCS Site in accordance with Sections 104(a) and 122(a) of CERCLA, consistent with the National Contingency Plan. OU2 RI/FS AOC, Conclusions of Law and Determinations, p.10, ¶ 33 (Dkt. No. 1-1).

12. The members of the LCCS Group are firms, corporations, associations and/or partnerships, and USEPA has determined the members of the LCCS Group are "persons" as defined by Section 101(21) of CERCLA, 42 U.S.C. § 9601(21). OU2 RI/FS AOC, Conclusions of Law and Determinations, p.9, ¶ 30 (Dkt. No. 1-1).

13. Interplastic is a Minnesota corporation and has done business in Minnesota since the date it incorporated in 1962. Minnesota Secretary of State Listing for Interplastic (Exhibit B hereto).

14. Interplastic has been engaged in the manufacture of resins from its facility in Minneapolis, Minnesota since it began operations. *See* Rule 30(b)(6) Dep. of Ivan M. Levy, at 16–17 (August 23, 2017) (Exhibit C hereto) (testifying that Interplastic has been in the business of manufacturing synthetic resins since 1959).

15. The LCCS Site Records identify "Inter Plastics" as an entity in Minneapolis, Minnesota (handwritten in shorthand as "Mpls., Mn") which generated "50 Drums" or 50 barrels (handwritten in shorthand as "Bbls") of "waste resin" in "solid drums," which waste was transported to U.S. Drum Disposal Corp. in Chicago, Illinois on or about August 6, 1979 by Rogers Petro-Chem. located in Grove City, Minnesota. LCCS Site Records for Interplastic (Exhibit D hereto).[5]

16. Interplastic's Rule 30(b)(6) witness, Mr. Ivan M. Levy, testified that Interplastic used the following two chemicals to manufacture resins in the 1970s: maleic anhydride and styrene. Exh. C, Levy Dep. at 12–13, 78–79, 81–82, 90 (*e.g.*, Mr. Levy testified that "[m]aleic anhydride is a necessary raw material for unsaturated polyester resins . . . ." *id*. at 79, ll. 3–4, and also testified that "we knew that in the 1970s styrene was necessarily a raw material in that resin . . ." *id*. at 90, ll. 13–14).

---

[5] The LCCS Site Records for Interplastic are also in the record before the Court as Exhibit A (Dkt. No. 280-1) to Plaintiff's Motion to Compel (Dkt. No. 280). The LCCS Site Records before the Court are authentic digital copies of historical records relating to the LCCS Site collected by Plaintiff's agents from the Illinois Attorney General and USEPA Region 5 in Chicago, Illinois. Gravel Aff. 1. The LCCS Site Records are authentic under FED. R. EVID. 901. The LCCS Site Records are admissible under the ancient records exceptions to the rule against hearsay because they are more than 20 years old. FED. R. EVID. 803(16).

17. Maleic anhydride and styrene are both hazardous substances as defined in Section 101(14) of CERCLA, 42 U.S.C. § 9601(14). EPA, Designation of Hazardous Substances, 40 C.F.R. § 302.4; EPA, *Consolidated List of Chemicals Subject to the Emergency Planning and Community Right-to-know Act (EPCRA), Comprehensive Environmental, Response, Compensation and Liability Act (CERCLA) and Section 112(r) of the Clean Air Act* (March 2015) (hereinafter "*List of Lists*").[6]

18. Mr. Levy also testified that Interplastic may have used the following eleven chemicals to manufacture resins in the 1970s: (1) adipic acid; (2) diethylene glycol; (3) dipropylene glycol; (4) ethylene glycol; (5) fumaric acid; (6) isophthalic acid; (7) methyl methacrylate; (8) neopentyl glycol; (9) phthalic anhydride; (10) propylene glycol; and (11) vinyl toluene. *See* Exh. C, Levy Dep. at 79–80 (referring to the list of chemicals commonly in resins identified on Table 4.4.1 of USEPA's publication titled AP 42, Compilation of Air Pollutant Emission Factors, marked as Exhibit 10 to the Levy Deposition and attached as Exhibit E hereto).[7]

19. Of the eleven chemicals which Interplastic may have used in the 1970s, nine are hazardous substance as defined in Section 101(14) of CERCLA, 42 U.S.C. § 9601(14), including: fumaric acid, phthalic anhydride, adipic acid, diethylene glycol, ethylene glycol and methyl methacrylate. EPA, Designation of Hazardous Substances, 40 C.F.R. § 302.4; EPA, *List of Lists*.

---

[6] *Available at* https://www.epa.gov/sites/production/files/2015-03/documents/list_of_lists.pdf.
[7] *Complete report available at* https://www.epa.gov/air-emissions-factors-and-quantification/ap-42-compilation-air-emission-factors.

6

Dated: December 15, 2017        Respectfully submitted,

THE JUSTIS LAW FIRM LLC

/s/ Rachel D. Guthrie
Rachel D. Guthrie     N.D. IL ID 64881
Gary D. Justis     N.D. IL ID 90785201
Matthew T. Merryman N.D. IL ID 66078
10955 Lowell Ave.
Suite 520
Overland Park, KS 66210-2336
Telephone: (913) 955-3713
Facsimile: (913) 955-3711
Email: rguthrie@justislawfirm.com
       gjustis@justislawfirm.com
       mmerryman@justislawfirm.com

ATTORNEYS FOR PLAINTIFF LCCS GROUP

## CERTIFICATE OF SERVICE

    I hereby certify that on December 15, 2017, a copy of the foregoing Plaintiff's Statement of Material Facts on Motion for Partial Summary Judgment Against Defendant Interplastic Corporation was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access the filing through the Court's Electronic Case Filing System.

                                  /s/ Rachel D. Guthrie
                                  Rachel D. Guthrie