**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LCCS GROUP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 16 C 5827 |
| v. | ) |
| | ) |
| LENZ OIL SERVICE PEORIA, INC., et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

On June 3, 2016, Plaintiff LCCS Group brought a Complaint against numerous Defendants, including Defendant Lenz Oil Service Peoria, Inc. ("Lenz Oil Peoria"), pursuant to certain provisions of the Comprehensive Environmental Response, Compensation and Liability Act of 1980, as amended, 42 U.S.C. § 9601 *et seq.* ("CERCLA"). In particular, Plaintiff alleges that there has been a release and/or threat of release of hazardous substances from a facility known as the Lake Calumet Cluster Site ("LCCS Site") located in Chicago, Illinois, and that these hazardous substances have contaminated the soil and groundwater threatening the public health and environment.

Before the Court is Defendant Lenz Oil Peoria's motion for summary judgment brought pursuant to Federal Rule of Civil Procedure 56(a). In its motion, Lenz Oil Peoria argues that it is a separate corporate entity from Lenz Oil Service Company, which is identified in the LCCS Site Records. Plaintiff, on the other hand, asserts that Lenz Oil Peoria is the legal successor to Lenz Oil Service Company. Because Plaintiff has presented sufficient evidence raising a triable issue

of fact that Lenz Oil Peoria is the legal successor to Lenz Oil Service Company, the Court denies Defendant's motion for summary judgment.

## BACKGROUND

I.  **Northern District of Illinois Local Rule 56.1**

Defendant Lenz Oil Peoria did not follow the Northern District of Illinois Local Rules when setting forth its own Rule 56.1 Statement of Facts and failed to respond to Plaintiff's Local Rule Statement of Additional Facts pursuant to the local rules. *See Thornton v. M7 Aerospace LP*, 796 F.3d 757, 769 (7th Cir. 2015) ("This court has repeatedly held that the district court is within its discretion to strictly enforce compliance with its local rules regarding summary-judgment motions"). Because Lenz Peoria did not respond to Plaintiff's Statement of Additional Facts pursuant to Local Rule 56.1, Plaintiff's statements are deemed admitted for purposes of this summary judgment motion. *See Cracco v. Vitran Exp., Inc.,* 559 F.3d 625, 632 (7th Cir. 2009) ("When a responding party's statement fails to dispute the facts set forth in the moving party's statement in the manner dictated by the rule, those facts are deemed admitted for purposes of the motion."); N.D. Ill. L.R. 56.1(b)(3)(C) ("All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party.").

II. **Relevant Facts**

In 1947, Frederick John Lenz, Sr. founded Lenz Oil Service, Inc., and Lenz Oil Service was incorporated on November 17, 1961. (R. 315-1, Pl.'s Rule 56.1 Stmt. Add'l Facts ¶ 1.) Until May 1979, Winston E. Lenz ("Winston") and Frederick John Lenz, Jr. ("John") (collectively, the "Lenz Brothers") were the principals of Lenz Oil Service. (*Id*. ¶ 3.) Also, until May 1979, the Lenz Brothers jointly operated Lenz Oil Service for oil and solvent storage and

2

treatment, as well as road surfacing, with locations in both Lemont and Peoria, Illinois.  (*Id.* ¶ 4.)  As of May 1, 1979, Winston owned 55% of Lenz Oil Service shares and John owned 45%.  (*Id.* ¶ 5.)  On May 1, 1979, various interested parties entered into an agreement under which Winston would continue the road resurfacing business in Lemont and John would continue the oil storage business in Peoria as a new company.  (*Id.* ¶ 6.)  Part of this corporate restructuring agreement involved third-party, Charles William Russell, who bought out John's shares of Lenz Oil Service in late May 1979.  (*Id.* ¶ 8.)  On May 8, 1979, Lenz Oil Peoria was incorporated as an Illinois corporation.  (*Id.* ¶ 11; R. 303, Def.'s Rule 56.1 Stmt. Facts ¶ 11.)  Pursuant to the Agreement for Corporate Separation, John eventually became the 100% shareholder of Lenz Oil Peoria.  (*Id.* ¶ 9.)

Lenz Oil Peoria was incorporated with a purpose to "[c]ollect, purchase, acquire, process and sell waste oil and related materials; sell, use, store and apply waste oil, its by products, and related materials, surface roads with asphalt, waste oil chips and related materials, and related operations; and to do any and all things incident thereto including, but not limited to, the acquisition and holding of real estate."  (Pl.'s Stmt. Add'l Facts ¶ 12) (citing Preorganization Subscription Agreement & Lenz Oil Peoria Articles of Incorporation).  As sole director of Lenz Oil Peoria, John appointed his son, Michael Lenz, to various positions within Lenz Oil Peoria.  (*Id.* ¶ 13.)  Before Plaintiff filed this lawsuit, Mike Lenz, as Secretary of Lenz Oil Peoria, wrote a letter to Plaintiff's counsel dated November 24, 2015, that states:

> Lenz Oil Service Peoria, Inc. is based out of Peoria, IL.  We have never done any business with Chemical Incineration.  We have never been in the solvent disposal business.  Lenz Oil Service Peoria, Inc. has never been affiliated with the Lenz Oil company from Lemont, IL listed on the invoices.

(Def.'s Stmt. Facts ¶ 12; R. 303-1, LENZ 00010, 11/24/15 letter.)

LCCS Site Records show that "Lenz Oil Service" in Lemont, Illinois disposed of approximately 133,200 gallons of waste described as "solvents" starting on March 22, 1979 – before Lenz Oil Peoria had been formed – through July 13, 1979 – approximately six weeks after the incorporation of Lenz Oil Peoria. (*Id.* ¶ 15.) Lenz Oil Services filed for Chapter 7 bankruptcy on April 4, 1986. (*Id.* ¶ 21.)

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). In determining summary judgment motions, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007). The party seeking summary judgment has the burden of establishing that there is no genuine dispute as to any material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986). After "a properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson*, 477 U.S. at 255 (quotation omitted).

## ANALYSIS

In its summary judgment motion, Defendant Lenz Oil Peoria maintains that it is a separate legal entity from Lenz Oil Service, and therefore, the Court should grant its summary judgment motion as a matter of law. Plaintiff, on the other hand, argues that it has presented

sufficient evidence raising a triable issue of fact that Lenz Oil Peoria is liable under CERCLA as a legal successor to Lenz Oil Service.

"CERCLA is strict liability statute" and "[l]iability is imposed when a party is found to have a statutorily defined 'connection' with the facility; that connection makes the party responsible regardless of causation." *United States v. Capital Tax Corp.*, 545 F.3d 525, 530 (7th Cir. 2008). As the Court explained in its October 11, 2016 ruling denying Defendant S-Tech Industries' Rule 12(b)(6) motion to dismiss, the Seventh Circuit has held that Congress intended that successor liability applies in the context of CERCLA, and that the "general rule is that an asset purchaser [] does not acquire the liabilities of the seller." *N. Shore Gas Co. v. Salomon, Inc.,* 152 F.3d 642, 651 (7th Cir. 1998) (applying federal common law), *overruled in part on other grounds, Envision Healthcare, Inc. v. PrefferredOne Ins. Co.,* 604 F.3d 983 (7th Cir. 2010); *see also Dvorak v. Harley-Davidson Motor Co. Grp., LLC,* No. 14 C 10045, 2016 WL 74669, at *3-4 (N.D. Ill. Jan. 7, 2016). Indeed, the "successorship doctrine under federal common law has developed extensively over the years in an effort to protect federal rights and effectuate federal policies." *Tsareff v. ManWeb Servs., Inc.,* 794 F.3d 841, 845 (7th Cir. 2015). There are four exceptions to the general rule of successor liability: "(1) the purchaser expressly or impliedly agrees to assume the liabilities; (2) the transaction is a *de facto* merger or consolidation; (3) the purchaser is a 'mere continuation' of the seller; or (4) the transaction is an effort to fraudulently escape liability." *N. Shore Gas,* 152 F.3d at 651 (citing *Vernon v. Schuster,* 179 Ill. 2d 338, 345 (Ill. 1997)). The Seventh Circuit has also applied the "substantial continuity" exception to successor liability when a violation of federal rights is involved. *See Tsareff,* 794 F.3d at 845; *E.E.O.C. v. G-K-G, Inc.,* 39 F.3d 740, 748 (7th Cir. 1994).

5

Construing the evidence and all reasonable inferences in Plaintiff's favor – as the Court is required to do at this procedural posture – Plaintiff has provided sufficient evidence raising a genuine issue of material fact for trial that Lenz Oil Peoria is a "mere continuation" of Lenz Oil Service Company. The "mere continuation exception allows recovery when the purchasing corporation is substantially the same as the selling corporation." *N. Shore Gas,* 152 F.3d at 654. "In other words, the purchasing corporation maintains the same or similar management and ownership, but merely 'wears different clothes.'" *Brandon v. Anesthesia & Pain Mgmt. Assocs., Ltd.*, 419 F.3d 594, 599 (7th Cir. 2005) (quoting *Vernon,* 179 Ill. 3d at 346). The focus of this inquiry is "whether the purchaser continues the corporate entity of the seller, not so much on whether the purchaser continues the business operations of the seller." *N. Shore Gas*, 152 F.3d at 654 (emphasis in original); *see also Vernon,* 179 Ill. 2d at 346 ("[I]f a corporation goes through a mere change in form without a significant change in substance, it should not be allowed to escape liability.") (citation omitted). Courts have identified factors that suggest the mere continuation exception applies, including "an identity of officers, directors, and stock between the selling and purchasing corporations." *N. Shore Gas,* 152 F.3d at 654 (citation omitted).

Here, Plaintiff has presented evidence that prior to May 1979, Lenz Oil Service operated in both Lemont and Peoria, Illinois and was owned by Winston and John Lenz. Before the corporate restructuring, Winston held 55% Lenz Oil Service shares and John owned 45%. In early May 1979, pursuant to a corporate restructuring agreement, John took over the oil operations in Peoria and Winston continued the road resurfacing operations in Lemont. In doing so, a third-party, Charles William Russell, bought out John's shares of Lenz Oil Service. Thereafter, John ultimately became the 100% shareholder of Lenz Oil Peoria. Because John transferred his shares of Lenz Oil Service to Russell on or near May 29, 1979, there is a

reasonable inference that John retained voting rights in Lenz Oil Services until then, especially because the relevant Sales Agreement stated that Russell could not vote as a shareholder until payment of the purchase price. (Pl.'s Stmt. Add'l Facts ¶ 10.)

Although Lenz Oil Peoria asserts that it had nothing to do with the disposal of approximately 133, 2000 gallons of waste at the LCCS Site, the disposal occurred from March 22, 1979 until July 13, 1979, which is during the time period that Lenz Oil Services restructured its business forming Lenz Oil Peoria. Evidence in the record – viewed in Plaintiff's favor – shows that Lenz Oil Peoria continued the business operations of that Lenz Oil Services and that John ran Lenz Oil Peoria at the same time he was a shareholder at Lenz Oil Services for part of the relevant time period. Under these facts, Plaintiff has established a common identity of ownership of Lenz Oil Peoria and Lenz Oil Services under the mere continuation doctrine. The Court therefore denies Lenz Oil Peoria's motion for summary judgment.

## CONCLUSION

For these reasons, the Court denies Defendant's Rule 56(a) summary judgment motion.

**Dated:** April 26, 2018

                                          **ENTERED**

                                      **AMY J. ST. EVE**
                                      **United States District Court Judge**