IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LCCS GROUP, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 1:16-cv-05827 |
| ) | Honorable Jorge L. Alonso |
| v. ) | |
| ) | MOTION FOR DEFAULT |
| ) | JUDGMENT |
| ) | |
| ) | |
| A.N. WEBBER LOGISTICS, INC., et al., ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S COMBINED MOTION FOR DEFAULT
JUDGMENT AGAINST DEFAULTING DEFENDANTS**

Plaintiff LCCS Group ("Plaintiff"), by and through counsel and pursuant to Fed. R. Civ. P. 55(B)(2), respectfully requests the Court enter an appropriate Order against each of the Defaulting Defendants (herein defined) awarding Plaintiff damages according to the relief requested in Plaintiff's Complaint and consistent with the Clerk's Certificates of Default previously entered by the Court.

**PRELIMINARY STATEMENT**

The Court previously entered Clerk's Certificates of Default against the following four Defendants based on the failure of said Defendants to answer or otherwise respond to the Complaint: GC Electronics (Dkt. No. 218); Johnston & Chapman Inc. (Dkt. No. 219); Si-Tech Industries Inc. (Dkt. No. 312) and Vanderhyden Septic Service Co. (Dkt. No. 220) (collectively "Defaulting Defendants"). With this combined Motion, Plaintiff respectfully moves for the entry of a damages award against each of the Defaulting Defendants based on a *pro rata* allocation of the damages incurred by Plaintiff plus applicable pre-judgment interest.

**FACTUAL BACKGROUND**

Plaintiff asserts there has been a release and/or threat of release of hazardous substances from a facility known as the Lake Calumet Cluster Site ("LCCS Site") located in the City of Chicago, County of Cook, Illinois. The LCCS Site encompasses approximately 87 acres and consists of the parcels commonly known as the Alburn/American Incineration, Inc. Site; the U.S. Drum II Site; the Unnamed Parcel Site; and the Paxton Avenue Lagoons Site; bounded by the Land and Lakes Landfill to the west, 122nd Street to the south, the Norfolk and Western Railroad right-of-way and Indian Ridge Marsh to the east, and Paxton I and II Landfills (119th Street) to the north, all in Chicago, Cook County, Illinois, as well as any area where hazardous substances that migrated from the LCCS Site have come to be located. These hazardous substances have contaminated the soil and groundwater at the LCCS Site and have threatened the public health and the environment. Each of the Defendants generated and/or transported hazardous substances that were disposed of at the LCCS Site.

Plaintiff commenced this action on June 3, 2016, pursuant to the provision of the Comprehensive Environmental Response, Compensation and Liability Act of 1980, as amended, 42 U.S.C. § 9601 *et seq.* ("CERCLA"), for recovery of environmental response costs plus applicable pre-judgment interest from non-settling potentially responsible parties ("PRPs") at the Site, including all Defaulting Defendants. *See* Plaintiff's Compl. (Dkt. No. 1). Between June 2016 and December 2019, Plaintiff entered into settlement with 28 former named Defendants. Defaulting Defendants were properly served yet failed and refused to respond to the Complaint, and the Court entered the above referenced Clerk's Entries of Default against the Defaulting Defendants on January 20, 2017 and December 20, 2017. *See* Clerk's Certificate of Default (Dkt. Nos. 218, 219, 220 and 312).

**ARGUMENT**

Default judgments are no longer disfavored. *Pretzel & Stouffer v. Imperial Adjustors, Inc.,* 28 F.3d 42, 47 (7th Cir. 1994). The decision to grant a default judgment motion under Fed. R. Civ. P. 55(b) is within the sound discretion of the district court. *See O'Brien v. R.J. O'Brien & Assocs., Inc.,* 998 F.2d 1394, 1398 (7th Cir.1993); *Davis v. Hutchins,* 321 F.3d 641, 646 (7th Cir.2003); *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.,* 722 F.2d 1319, 1322 (7th Cir. 1983). When a default is entered, the court takes the well-pleaded factual allegations of the complaint relating to liability as true. *Dundee Cement Co,* 722 F.2d at 1323. Thus, if the complaint establishes the requisite elements of liability for a claim, a plaintiff is entitled to relief on that claim. *See In re Catt,* 368 F.3d 789, 793 (7th Cir.2004).

A court must ascertain damages to a "reasonable certainty," and the relief must not exceed what is demanded in the pleadings. *In re Catt,* 368 F.3d at 793; Fed. R. Civ. P. 54(c). As alleged in the Complaint, Plaintiff seeks contribution of over $2 million in past response costs it has incurred at the LCCS Site in response to the release and threatened release of hazardous substances into the environment at and from the LCCS Site (Dkt. No. 1). Once the fact of damages has been established, a district court, without a jury, has considerable latitude in determining the appropriate amount of damages to award. *Jones v. Winnepesaukee Realty,* 990 F.2d 1, 25 (1st Cir. 1993). To that end, the court may, but is not required to, conduct a hearing, and may consider affidavits, pleadings, or other proper documentary evidence in accordance with Fed. R. Civ. P. 55(b)(2). *Dundee Cement Co.,* 722 F.2d at 1323; *O'Brien,* 998 F.2d at 1404.

A *pro rata* allocation of damages is appropriate against Defaulting Defendants at this juncture since sufficient evidence is available for the Court to calculate the *pro rata* share of each Defaulting Defendant without a hearing. All active Defendants that did not default have settled

with Plaintiff and/or otherwise have been dismissed by Plaintiff. As such, Plaintiff has sufficient information about the relative volumes and volumetric percentages for its group members, all settling parties, and the four defaulting defendants. *See* Exh. A hereto. Plaintiff also disclosed its damages in this case through January 13, 2017 to all active (non-defaulting defendants) as part of its mandatory Rule 26(a)(1)(A) Initial Disclosures in this case. *See* Exh. B hereto.

In its Complaint, Plaintiff also requested applicable pre-judgment interest under CERCLA Section 107(a) against each Defendant, including all Defaulting Defendants. Pre-judgment interest accrues from the later of (i) the date payment of a specified amount is demanded in writing, or (ii) the date of the expenditure concerned. *See* 42 U.S.C § 9607(a)(4). Plaintiff has calculated applicable interest under CERCLA for each incurrence of response costs from either November 20, 2015 (date of demand letters to each Defaulting Defendant) or actual date of incurrence if after November 20, 2015. *See* Exh. C hereto.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Plaintiff respectfully request the Court enter a final judgment granting Plaintiff's Damages Against Each Defaulting Defendant and Submission of Proposed Judgments Against Each Defaulting Defendant in in the following amounts, plus post-judgment interest on all amounts awarded until paid at the applicable statutory rate, and for such other and further relief as the Court deems just and appropriate under the circumstances:

4

(1) GC Electronics: $3,006.60 for Plaintiff's damages through January 13, 2017 plus 0.1516% of all response costs incurred by Plaintiff at the LCCS Site after January 13, 2017;

(2) Johnston & Chapman Inc.: $75.36 for Plaintiff's damages through January 13, 2017 plus 0.0038% of all response costs incurred by Plaintiff at the LCCS Site after January 13, 2017;

(3) Si-Tech Industries, Inc.: $64,376.31 for Plaintiff's damages through January 13, 2017 plus 3.2460% of all response costs incurred by Plaintiff at the LCCS Site after January 13, 2017; and

(4) Vanderhyden Septic Service Co.: $4,080.50 for Plaintiff's damages through January 13, 2017 plus 0.2060% of all response costs incurred by Plaintiff at the LCCS Site after January 13, 2017.

A proposed Order is attached as Exh. D hereto.

Dated: December 4, 2020

Respectfully submitted,

THE JUSTIS LAW FIRM LLC

/s/ Matthew T. Merryman
Matthew T. Merryman N.D. IL ID 66078
Rachel D. Guthrie     N.D. IL ID 64881
Gary D. Justis        N.D. IL ID 90785201
10955 Lowell Ave.
Suite 520
Overland Park, KS 66210-2336
Telephone: (913) 955-3739
Facsimile:  (913) 955-3711
Email: mmerryman@justislawfirm.com
       gjustis@justislawfirm.com
       rguthrie@justislawfirm.com

ATTORNEYS FOR PLAINTIFF LCCS GROUP

## CERTIFICATE OF SERVICE

      I hereby certify that on December 4, 2020, a copy of the foregoing Plaintiff's Combined Motion for Default Judgment Against Defaulting Defendants and Submission of Proposed Judgments Against Each Defaulting Defendant was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access the filing through the Court's Electronic Case Filing System. I further certify that on December 4, 2020, the aforementioned was also placed in the U.S. Mail, postage prepaid, to the following principals for Defaulting Defendants:

G. G. Dillon
President
GC Electronics
1801 Morgan St.
Rockford, IL 61102-2690

Charles Schultz
President
Johnston & Chapman Inc.
128 N. Merrill St.
Park Ridge, IL 60068

Michael J. Sykora
Owner
Si-Tech Industries Inc.
12057 S. Page St.
Calumet Park, IL 60827

Sharon G. Vanderhyden
President
Vanderhyden Septic Service Co.
18340 Le Claire Ave.
Tinley Park, IL 60478

                                      /s/ Matthew T. Merryman
                                      Matthew T. Merryman