IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LCCS GROUP, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 1:16-cv-05827 |
| ) | Honorable John F. Kness |
| ) | |
| v. ) | MOTION TO SET ASIDE THE |
| ) | JUDGMENT IN A CIVIL CASE |
| ) | |
| A.N. WEBBER LOGISTICS, INC., et al., ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S MOTION TO SET ASIDE
THE JUDGMENT AND REOPEN THIS CIVIL CASE**

Plaintiff LCCS Group ("Plaintiff"), by and through counsel and pursuant to Fed. R. Civ. P. 60, respectfully requests the Court enter an appropriate Order to set aside the judgment and reopen this civil case, which dismissed the case with prejudice for failure to prosecute (Dkt. No. 366). Plaintiff also respectfully requests the Court enter an appropriate Order to reinstate Plaintiff's Motion for Default Judgment as to Defaulting Defendants, which was dismissed as moot (Dkt. No. 365). Plaintiff also respectfully requests the Court to permit Plaintiff to file the proof of service as ordered by this Court (Dkt. No. 361).

**PRELIMINARY STATEMENT**

The Court previously entered Clerk's Certificates of Default against the following four Defendants based on the failure of said Defendants to answer or otherwise respond to the Complaint: GC Electronics (Dkt. No. 218); Johnston & Chapman Inc. (Dkt. No. 219); Si-Tech Industries Inc. (Dkt. No. 312) and Vanderhyden Septic Service Co. (Dkt. No. 220) (collectively "Defaulting Defendants").

**FACTUAL BACKGROUND**

Plaintiff commenced this action on June 3, 2016, pursuant to the provision of the Comprehensive Environmental Response, Compensation and Liability Act of 1980, as amended, 42 U.S.C. § 9601 *et seq.* ("CERCLA"), for recovery of environmental response costs plus applicable pre-judgment interest from non-settling potentially responsible parties ("PRPs") at the LCCS Site, including all Defaulting Defendants. *See* Plaintiff's Compl. (Dkt. No. 1). Between June 2016 and December 2019, Plaintiff entered into settlement with 28 former named Defendants. Defaulting Defendants were properly served yet failed and refused to respond to the Complaint, and the Court entered the above referenced Clerk's Entries of Default against the Defaulting Defendants on January 20, 2017 and December 20, 2017. *See* Clerk's Certificates of Default (Dkt. Nos. 218, 219, 220 and 312). On November 20, 2021, the Court ordered Plaintiff to file its motion for entry of default under Rule 55(a) against the Defaulting Defendants by December 4, 2020 (Dkt. No. 361). Plaintiff was further ordered to serve a copy of the Court's Order and the motion for default on the Defaulting Defendants and to file proof of service within seven days of completing service. *Id*. On December 4, 2021, Plaintiff filed its Motion for Default Judgment Against Defaulting Defendants and certified that the Motion for Default was mailed to the Defaulting Defendants (Dkt. No. 362). On December 4, 2021, Plaintiff also served the Court's Order and Plaintiff's Combined Motion for Default Judgment on the Defaulting Defendants by Priority Mail via the United States Postal Service ("USPS"). According to the USPS tracking: GC Electronics received service on December 14, 2020; Johnston & Chapman Inc. received service on December 12, 2020; Si-Tech Industries Inc. received service on December 11, 2020 and Vanderhyden Septic Service Co. received service on December 14, 2020. (Proof of Service as delivery confirmations attached hereto as Exhibit A).

On December 20, 2020, the Court ordered Plaintiff to file proof of service of the Default Judgments on or before December 28, 2020 (Dkt. No. 363). On July 2, 2021, the Court ordered Plaintiff to show cause by July 12, 2021 as to why the case should not be dismissed with prejudice for lack of prosecution (Dkt. No. 364). On July 26, 2021, the Court dismissed any pending motions as moot and dismissed the case with prejudice (Dkt. Nos. 365 and 366).

Plaintiff did not receive ECF Notifications for Dkt. Nos. 363 or 364 and was unaware of the Court's Orders from December 20, 2020 and July 2, 2021 until July 26, 2021. On July 28, 2021, Plaintiff contacted the ECF Clerk and was advised that ECF Notifications for Dkt. Nos. 363 or 364 were not sent to Plaintiff or any other party in the case. Plaintiff now files this Motion to Set Aside the Judgment entered on July 26, 2021 and to provide the proofs of service as requested by the Court.

## ARGUMENT

Rule 60(a) allows the Court to grant relief from a judgment or order when a clerical mistake is found in part of the record. FED. R. CIV. P. 60(a). In this case, the ECF Notifications for Dkt. Nos. 363 and 364 were not sent to Plaintiff or any party associated with this case. Due to an ECF Notification error, all parties including Plaintiff were unaware of the Court's Order to file a proof of service on or before December 28, 2020 as detailed in Dkt. No. 363. Due to an ECF Notification error, all parties including Plaintiff were also unaware of the Court's order to Plaintiff to show cause on or before July 12, 2021 as to why this case should not be dismissed with prejudice for lack of prosecution. On July 26, 2021, the Court dismissed this case with prejudice (Dkt. No. 365 and 366). If Plaintiff had been aware of the December 20, 2020 Court Order, then it would have filed the proofs of service by December 28, 2020 as directed.

Rule 60(b)(1) and (6) allows the Court on motion and just terms to relieve a party from a final judgment, order, or proceeding for mistake, inadvertence surprise or excusable neglect or any other reason that justifies relief. Plaintiff complied with the Courts Orders to timely file the Motion for Default Judgment as to Defaulting Defendants and to serve a copy of the Courts Order on the Defaulting Defendants by a reliable method that provides proof of delivery by sending the Order to the individual Defaulting Defendants via United States Priority Mail. Due to a clerical error, Plaintiff failed to file proof of service within seven days of completing service as directed by the Court on November 20, 2020 (Dkt. No. 361). A motion under Rule 60(b) must be made within a reasonable time and no more than a year after the entry of the judgment or order.

The general rule in this circuit is that relief from a judgment under Rule 60(b) is an extraordinary remedy reserved for exceptional circumstances. *Nelson v. City Colleges of Chicago,* 962 F.2d 754, 755 (7th Cir.1992); *Reinsurance Co. of Am., Inc. v. Administratia Asigurarilor de Stat,* 902 F.2d 1275, 1277 (7th Cir.1990). To obtain relief, there should be a showing of extraordinary circumstances creating a substantial danger that the underlying judgment was unjust. *Daniels v. Brennan,* 887 F.2d 783, 790 (7th Cir.1989). It is also well-settled that motions for reconsideration serve the limited function of correcting manifest errors of law or fact or presenting newly discovered evidence. *Lewis v. Hermann,* 783 F.Supp. 1131, 1132 (N.D.Ill.1991).

In the instant case, the ECF Notification error manifested an extraordinary circumstance that led to Plaintiff's failure to file the requested proof of service by December 28, 2021 or show cause by July 12, 2021 as to why the case should not be dismissed with prejudice.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests the Court enter an appropriate Order to Set Aside the Judgment and Reopen this Civil Case, reinstate Plaintiff's Motion for Default Judgment Against Defaulting Defendants and permit Plaintiff to file the proofs of service as requested.

Dated: August 11, 2021　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　THE JUSTIS LAW FIRM LLC

　　　　　　　　　　　　　　　　　　　　/s/ Matthew T. Merryman
　　　　　　　　　　　　　　　　　　　　Matthew T. Merryman　N.D. IL ID 66078
　　　　　　　　　　　　　　　　　　　　Rachel D. Guthrie　　N.D. IL ID 64881
　　　　　　　　　　　　　　　　　　　　Gary D. Justis　　　N.D. IL ID 90785201
　　　　　　　　　　　　　　　　　　　　10955 Lowell Ave.
　　　　　　　　　　　　　　　　　　　　Suite 520
　　　　　　　　　　　　　　　　　　　　Overland Park, KS 66210-2336
　　　　　　　　　　　　　　　　　　　　Telephone: (913) 955-3739
　　　　　　　　　　　　　　　　　　　　Facsimile: (913) 955-3711
　　　　　　　　　　　　　　　　　　　　Email: mmerryman@justislawfirm.com
　　　　　　　　　　　　　　　　　　　　　　　　gjustis@justislawfirm.com
　　　　　　　　　　　　　　　　　　　　　　　　rguthrie@justislawfirm.com

　　　　　　　　　　　　　　　　　　　　ATTORNEYS FOR PLAINTIFF LCCS GROUP

**CERTIFICATE OF SERVICE**

      I hereby certify that on August 11, 2021, a copy of the foregoing Plaintiff's Motion to Set Aside the Judgment and Reopen this Civil Case was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access the filing through the Court's Electronic Case Filing System. I further certify that on August 11, 2021, the aforementioned was also placed in the U.S. Mail, postage prepaid, to the following principals for Defaulting Defendants:

G. G. Dillon  
President  
GC Electronics  
1801 Morgan  
St. Rockford, IL 61102-2690  

Charles Schultz  
President  
Johnston & Chapman Inc.  
128 N. Merrill St.  
Park Ridge, IL 60068  

Michael J. Sykora  
Owner  
Si-Tech Industries Inc.  
12057 S. Page St.  
Calumet Park, IL 60827  

Sharon G. Vanderhyden  
President  
Vanderhyden Septic Service Co.  
18340 Le Claire Ave.  
Tinley Park, IL 60478  

                                              */s/ Matthew T. Merryman*  
                                                Matthew T. Merryman