IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LCCS GROUP,<br><br>    Plaintiffs,<br><br>    v.<br><br>A.N. WEBBER LOGISTICS, INC., et al.,<br><br>    Defendants. | No. 16-cv-05827<br><br>Judge John F. Kness |

## ORDER

Plaintiff's motion for default judgment [362] is granted. Final judgment is entered in favor of Plaintiff LCCS Group and against defaulting Defendants GC Electronics, Johnston & Chapman Inc., Si-Tech Industries Inc., and Vanderhyden Septic Service Co. See accompanying Statement for details. Enter separate final judgment order. Civil case terminated.

## STATEMENT

**Background**

Plaintiff LCCS Group filed this action against Defendants GC Electronics, Johnston & Chapman Inc., Si-Tech Industries Inc., and Vanderhyden Septic Service Co., among others, under the Comprehensive Environmental Response, Compensation and Liability Act of 1980 (CERCLA) for recovery of environmental responses costs. (Dkt. 1 (Complaint).) Plaintiff is an association of companies that was formed to coordinate various managerial responsibilities related to the Lake Calumet Cluster Site ("LCCS Site")—approximately 87 acres of land in Cook County, Illinois. (*Id.* ¶¶ 1, 28.) In 2017, Plaintiff moved for default under Rule 55(a) of the Federal Rules of Civil Procedure. (Dkts. 213, 214, 215, 312.) Because Defendants never filed answers or otherwise responded to the complaint, the Court entered default against each of the four defendants listed in this order. (Dkts. 218, 219, 220, 312.) On December 4, 2020, Plaintiff filed the present motion for default judgment against the four defendants (Dkt. 362) and served copies of the motion on those defendants by U.S. Priority Mail. (Dkts. 369, 370, 371, 372.) As of the date of this

order, the four defendants have not appeared in this action and have not responded to the motion for default judgment despite having been provided with notice of the motion (Dkt. 369-72).

**Legal Standard for Entry of Default and Default Judgment**

Rule 12(a) of the Federal Rules of Civil Procedure generally requires a defendant to file an answer within 21 days after the service of the summons and complaint. The failure to do so may result in the defendant's default under Rule 55(a). When a party "against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). An entry of default must precede a default judgment. *See* Fed. R. Civ. P. 55(b). Upon the entry of default, the "well-pled allegations of the complaint relating to liability are taken as true. . . ." *Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012) (citing *United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989)); Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied"). Entry of default judgment is left to the sound discretion of the district court. *See Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1322 (7th Cir. 1983); *see also C.K.S. Eng'rs, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1206 (7th Cir. 1984) (although the law favors trial on the merits, these considerations must be balanced against the need to promote efficient litigation and to protect the interests of all litigants).

**Liability of Defendant**

Defendants GC Electronics, Johnston & Chapman Inc., Si-Tech Industries Inc., and Vanderhyden Septic Service Co. failed to file answers within 21 days of service of the complaint and are in default. As a result, the Court must accept as true the well-pleaded allegations of Plaintiffs' complaint concerning liability. *Wehrs*, 688 F.3d at 892.

As established by the complaint, Defendant companies generated and/or transported hazardous substances that were disposed of at the LCCS Site. Plaintiff brought suit against the four defendants (and many others), alleging "a 'release' and/or threat of 'release' of 'hazardous substances' at the LCCS Site which . . . caused the incurrence of 'response costs' by the LCCS Group." (Dkt. 1 ¶ 492.) In Count I, Plaintiff sought contribution under CERCLA for the defendants' "equitable shares of all past and future responses costs, plus interest and costs of suit." (*Id.* ¶¶ 482-502.) In Count II, Plaintiff sought a declaratory judgment that each defendant was liable under CERCLA and "obligated to pay for their equitable shares of all past and future response costs associated with the LCCS Site." (*Id.* ¶¶ 503-507.)

**Damages**

Upon default, the "well-pled allegations of the complaint relating to liability are taken as true, but those relating to the amount of damages suffered ordinarily are not." *Wehrs*, 688 F.3d at 892 (citing *Di Mucci*, 879 F.2d at 1497); Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied"). Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that "[t]he court may conduct hearings . . . when, to enter or effectuate judgment, it needs to: . . . determine the amount of damages. . . ." Fed. R. Civ. P. 55(b)(2). A judgment by default "may not be entered without a hearing on damages unless the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *DiMucci*, 879 F.2d at 1497.

In this case, because Plaintiffs have submitted detailed documentary evidence describing the amounts owed by Defendants under CERCLA (*see* Dkts. 362-1, 362-2, 362-3), the Court need not hold an evidentiary hearing to ascertain the appropriate relief. Accordingly, the Court finds that Plaintiff is entitled to:

- $3,006.60 from Defendant GC Electronics for Plaintiff's damages through January 13, 2017 plus 0.1516% of all response costs incurred by Plaintiff at the LCCS Site after January 13, 2017;
- $75.36 from Defendant Johnston & Chapman Inc. for Plaintiff's damages through January 13, 2017 plus 0.0038% of all response costs incurred by Plaintiff at the LCCS Site after January 13, 2017;
- $64,376.31 from Defendant Si-Tech Industries, Inc. for Plaintiff's damages through January 13, 2017 plus 3.2460% of all response costs incurred by Plaintiff at the LCCS Site after January 13, 2017; and
- $4,080.50 from Vanderhyden Septic Service Co. for Plaintiff's damages through January 13, 2017 plus 0.2060% of all response costs incurred by Plaintiff at the LCCS Site after January 13, 2017.

**Post-Judgment Interest**

Plaintiff also requests that the Court award post-judgment interest "at the rate of 2.22% per annum." (Dkt. 362-4.) But the award and computation of post-judgment interest are governed by statute. 28 U.S.C. § 1961; *see Sea-Land Servs., Inc. v. Pepper Source*, No. 88 C 4861, 1992 WL 168537, at *7 (N.D. Ill. July 10, 1992), *aff'd*, 993 F.2d 1309 (7th Cir. 1993) (applying 28 U.S.C. § 1961 to calculate post-judgment interest owed in conjunction with default judgment award); *United States v. Kerr*, No. 15 C 503, 2015 WL 5904777, at *1 n.2 (N.D. Ill. Oct. 7, 2015). Accordingly, the Court awards Plaintiff post-judgment interest to the extent allowed under 28 U.S.C. § 1961.

**Conclusion**

For the reasons stated above, Plaintiff's motion for default judgment (Dkt. 362) is granted. Plaintiff LCCS Group is entitled to:

- $3,006.60 from Defendant GC Electronics for Plaintiff's damages through January 13, 2017 plus 0.1516% of all response costs incurred by Plaintiff at the LCCS Site after January 13, 2017;
- $75.36 from Defendant Johnston & Chapman Inc. for Plaintiff's damages through January 13, 2017 plus 0.0038% of all response costs incurred by Plaintiff at the LCCS Site after January 13, 2017;
- $64,376.31 from Defendant Si-Tech Industries, Inc. for Plaintiff's damages through January 13, 2017 plus 3.2460% of all response costs incurred by Plaintiff at the LCCS Site after January 13, 2017; and
- $4,080.50 from Vanderhyden Septic Service Co. for Plaintiff's damages through January 13, 2017 plus 0.2060% of all response costs incurred by Plaintiff at the LCCS Site after January 13, 2017.

Plaintiff is also entitled to post-judgment interest to the extent allowed under 28 U.S.C. § 1961. A final judgment order will be entered separately.

SO ORDERED in No. 16-cv-05827.

Date: September 27, 2021

JOHN F. KNESS
United States District Judge